**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHASEN'S BUSINESS | ) | |
| INTERIORS, INC. | ) | Case No. 09-36686-KRH |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

| | | |
|---|---|---|
| TOWNEBANK, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | A.P. No. |
| v. | ) | |
| | ) | |
| CHASEN'S BUSINESS | ) | |
| INTERIORS, INC.; | ) | |
| MANUFACTURERS AND TRADERS | ) | |
| TRUST COMPANY, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

**COMLAINT FOR JUDGMENT AND FOR DECLATORY RELIEF**

TowneBank, by counsel, files this Complaint. In support thereof, the Petitioner asserts the following:

Richard E. Biemiller, Esq., VSB: 29017
Wolcott Rivers Gates
301 Bendix Road, Suite 500
Virginia Beach, VA 23452
Tel: (757) 497-6633
Fax: (757) 554-0248
*Counsel for TowneBank*

## Parties and Jurisdiction

1. TowneBank is a Virginia banking corporation.

2. Defendant Chasen's Business Interiors Inc. ("Chasens") was a privately-held corporation dealing in commercial contracts to provide office furniture products in Virginia. Chasens ceased operations on or about July 22, 2009 and this Court granted TowneBank's Involuntary Bankruptcy Petition against Chasens and entered an Order for Relief on December 16, 2009.

3. Defendant Manufacturers and Traders Trust Company, previously Provident Bank ("M&T"), is a national bank with branches operating in Virginia.

## Facts

4. At all relevant times, but unbeknownst to TowneBank, Chasens' largest creditor is or was M&T, which Chasens contends holds a first priority perfected security interest on all of Chasens' assets and held a purported lockbox service agreement with Chasens.

5. Chasens contracted with TowneBank for the purchase of office furniture to fit out two floors of a commercial office building in Virginia Beach, Virginia on May 28, 2009 and June 30, 2009. At this same time and without disclosure to TowneBank, Chasens was in negotiations with M&T and Herman Miller Inc., Chasen's largest furniture wholesaler ("HMI"), for a closure of its business.

6. TowneBank paid Chasens two earnest money deposits, one on June 4, 2009 and the other on July 3, 2009, for the purchase of the furniture, totaling $302,234.00. These moneys were deposits held in trust, express, constructive, implied or otherwise, for TowneBank in order to pay the furniture manufacturer and initiate furniture building.

7. On information and belief, TowneBank and Chasens expressly agreed that the deposit funds were to go to the furniture manufacturer, not for payment of Chasens debts. In the alternative, should the court find no express agreement, based on prior dealings and manufacturer requirements,

Chasens implied and TowneBank believed that the two deposits were going directly to the furniture manufacturer to initiate work on the purchase orders.

8. Chasens accepted these down-payment deposits and placed them into one of its bank accounts. Chasens paid $37,195.06, a large portion of the first deposit, to Kimball International ("Kimball"), another furniture wholesaler Chasens represented, on behalf of the TowneBank purchase order. However, Chasens never paid the balance of the deposits, which totaled $265,038.04, to the appropriate furniture manufacturer to begin the work on TowneBank's purchase orders, but left the trust funds in one of its bank accounts for an undetermined amount of time.

9. Thirteen days after TowneBank submitted the second furniture deposit, on or about July 16, 2009, TowneBank first learned that Chasens was dissolving and was being acquired by HMI.

10. Neither Chasens nor HMI provided any furniture to TowneBank. Instead, TowneBank was forced to contract with Kimball directly to purchase the previously ordered furniture. In discussions with Kimball, Kimball stated that they would not begin work on the order until they had received a deposit. In order to receive furniture for the already rented building, TowneBank was forced to present another deposit for the exact same purchase order for which it had already put down a deposit with Chasens

11. After contracting with Kimball for the furniture, TowneBank contacted Chasens in order to obtain a return of the deposit that TowneBank lawfully owned. According to Chasens, however, these unearned down payments of $265,038.04 were "swept up" by M&T at some undetermined point in time pursuant to the purported lockbox agreement with M&T. This transfer of funds was an inappropriate taking as the funds were being held in trust for TowneBank to be paid to the manufacturer.

12. Chasens states in its Motion to Dismiss or Abstain the Involuntary Petition (the "Motion") that once it knew it would not likely be able to fulfill the TowneBank purchase orders, it requested that M&T return the funds that TowneBank had deposited with Chasens for the furniture back

to TowneBank. Chasens also states in the Motion that M&T refused the request. Again, the time period for these events is unknown to TowneBank.

13. Based on the facts that (a) M&T took part in arranging for the closure of Chasens and (b) Chasens alerted M&T that the TowneBank deposit should be returned, M&T knew that Chasens could not comply with the TowneBank purchase orders. Therefore, M&T took and kept the TowneBank deposits, knowing at all times that Chasens would not meet the purchase orders and the funds belonged to TowneBank.

14. TowneBank has not received a return of its rightly owned funds from the furniture deposits. TowneBank also did not receive furniture as stated in the contracts between Chasens and TowneBank and TowneBank has not received any benefit in regard to the earnest money deposits it put down for the furniture.

### Relief Requested and Legal Basis

15. Under the circumstances, Chasens had no beneficial interest in the earnest money deposits that TowneBank paid in furtherance of the contracts, which stipulated that Chasens provide office furniture for TowneBank. TowneBank, at all times, owned the beneficial interest in the deposits. These were not accounts and thus could not be subject to any interest of M&T.

16. To any extent Chasens held an interest in the deposits, such interest was legal in nature, and Chasens held the funds in trust, express, constructive, implied, or otherwise, for the benefit of TowneBank.

17. M&T's use of the deposit funds to set off against a debt was an improper conversion because Chasens had no right to such funds. M&T wrongfully exercised authority over TowneBank's funds, depriving TowneBank of these funds, when the funds were "swept up" and used by M&T to partially pay off Chasens' debt.

18. M&T was unjustly enriched based on the facts that (1) M&T took funds that were being held in Trust for TowneBank, (2) M&T was made aware that the funds were held in trust and should be returned, and (3) M&T failed to return the funds to TowneBank, which resulted in an inequitable transaction.

19. TowneBank is entitled to judgment against M&T in the amount of the deposit funds less the funds paid to Kimball on TowneBank's behalf, for a total of $265,038.04.

20. TowneBank also is entitled to a finding that the deposit funds are not and were not property of the estate and are not recoverable by the Trustee for the benefit of the estate.

WHEREFORE, for the foregoing reasons, TowneBank respectfully requests that the Court grant judgment for TowneBank and against Manufacturers and Traders Trust Company measured by the deposit funds, described above, in the amount of $265,038.04, together with interest on said sum at the legal rate of interest since the date M&T converted such funds to its own use and benefit, and for its costs and expenses, including attorneys fees incurred to recover such funds. TowneBank also requests a specific finding that the said funds are not property of the bankruptcy estate and are not recoverable by the Trustee for the benefit of the bankruptcy estate, but are instead impressed with a trust in favor of TowneBank. TowneBank reserves the right to modify and expand the allegations and relief sought in this case if evidence should warrant the same.

**TOWNE BANK**

By: /s/ Richard E. Biemiller
    Of Counsel

Richard E. Biemiller, Esq., VSB: 29017
Wolcott Rivers Gates
301 Bendix Road, Suite 500
Virginia Beach, VA 23452
Tel: (757) 497-6633
Fax: (757) 554-0248
*Counsel for TowneBank*
L:\Document Directory\T\TowneBank\Furniture Deposit Dispute (2125084.0003)\Bankruptcy\Complaint against M&T.docx