# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHASEN'S BUSINESS | ) | |
| INTERIORS, INC. | ) | |
| | ) | |
| Debtor. | ) | Case No. 09-36686-KRH |
| | ) | |
| TOWNEBANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-03043-KRH |
| | ) | |
| CHASEN'S BUSINESS | ) | |
| INTERIORS, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MANUFACTURERS AND TRADERS | ) | |
| TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TowneBank, by counsel, respectfully opposes the Motion for Summary Judgment (the "Motion")

filed by the defendant, Manufacturers and Traders Trust Company ("M&T Bank").  In support thereof,

TowneBank states as follows:

### Introduction

1.  Rule 56 of the Local Rules for the United States District Court for the Eastern District of

Virginia requires that "[e]ach brief in support of a motion for summary judgment shall include a

specifically captioned section listing all material facts as to which the moving party contends there is no

genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be

undisputed". M&T Bank failed to do this as it wrote in paragraph form what it believes to be the facts of the case without any citations.

## Disputed Facts

2.     TowneBank disagrees with the assertion by M&T Bank that the following quoted statements, among others, are undisputed facts:

a.     "The Loan Agreement was supplemented and amended on six (6) subsequent occasions, thereby increasing the maximum principal amount available to the Debtor to $8,000,000.00." -- TowneBank is not aware of the Loan Agreement amendments and since discovery has not yet begun, it has had no opportunity to determine what documents were signed or amended.

b.     "Included in the monies set off were the amounts deposited by the Debtor into Account No. 6073700 in the name of the Debtor, and titled 'Chasens Business Interiors Inc. Accounts Payable'." -- M&T Bank failed to include the fact that the money transfer included an Addenda of "TowneBank/PAVTWO-7/09/Pavilion Two-3rd floor" which describes that the funds are coming from TowneBank and the type of work and materials TowneBank contracted with the Debtor to arrange. See **Exhibit "A"**.

c.     "Notwithstanding its title, this account is an ordinary corporate deposit account maintained by the Debtor at M&T Bank into which and out of which many different types of transactions were accomplished (including deposits and additions thereto by the Debtor itself in addition to third party furniture deposits) and thereby commingled." -- TowneBank disputes the fact that the bank account is a general account. The Complaint alleges the account is a special account and M&T Bank cites no support for its contention that it is a general account. This factual issue can only be resolved by discovery. Until TowneBank is allowed to conduct discovery, TowneBank is not in a position to determine each fact which would support a finding that the account is a special account.

d.    "In fact, during the time between the first TowneBank deposit (accomplished, according to the Complaint, on June 4, 2009) in the amount of $56,374.71 and the second TowneBank deposit (which occurred, again according to the Complaint, on July 3, 2009) in the amount of $247,472.69, there occurred at least seven (7) other transactions in the account having nothing whatever to do with TowneBank, including at least one transfer of funds to another of the Debtor's accounts at M&T Bank, namely, Account No. 6149057." -- TowneBank does not have access to this information without discovery.  TowneBank requests discovery in order to look at the bank account and determine whether any transactions occurred and to investigate the claim that funds were commingled.

e.    "While M&T Bank was aware that certain of the Debtor's customers had delivered preauthorized furniture advances to the Debtor, and that the Debtor had subsequently deposited such furniture advances into the Debtor's corporate account(s) at M&T Bank, M&T Bank was and is categorically unaware of any trustee or fiduciary relationship between the Debtor and TowneBank or, indeed, with any of the Debtor's customers." -- TowneBank disputes the fact that M&T Bank was unaware of any trustee or fiduciary relationship between the Debtor and TowneBank as argued in ¶ 13 of the Complaint.  TowneBank also argues that M&T Bank's statement is contradictory in that M&T Bank's stated knowledge demonstrates awareness of a trustee and/or fiduciary relationship between the Debtor and TowneBank.  Again, discovery is needed to determine exactly what M&T Bank knew and at what time it became aware of various matters, such as when the Debtor was ceasing operations.

f.    "M&T Bank submits that none of the foregoing facts is in dispute, and relies on the Affidavit of Michael A. McShane filed herewith as evidentiary support thereof." --TowneBank disputes Michael A. McShane's explanation of why M&T Bank was within its rights to set off the corporate account.  Townebank disputes the use of the self serving letter by counsel for M&T Bank since he would not have personal knowledge within the meaning of Rule 56(e) of the Federal Rules of

Civil Procedure. TowneBank needs to conduct discovery to determine which facts support its theory of the case.

3.      TowneBank also disputes, because it does not know, the timing of the various events set forth in the Motion.

## **Argument**

M&T Bank does not identify the theory supporting its Motion for Summary Judgment. It appears that the Summary Judgment claim is on Page 8 stating that "[a]s the Affidavit of Michael A. McShane makes clear, the operating account into which the furniture advances were deposited was just such a general account, commingled with funds flowing in and out of the account". As stated above, TowneBank disagrees with M&T Bank's claim that the account is a general account, which is a significant factual dispute that is at the center of this case. While there may be cases in which summary judgment is appropriate before discovery is commenced, this is not such a case. TowneBank has no access to M&T Bank records without resort to discovery. Discovery has not yet commenced, and thus TowneBank has no way to determine whether the facts asserted are true, or whether there are additional facts which would support the claim that the account was a special account or whether TowneBank can prevail on its theory of unjust enrichment. TowneBank requests discovery in order to fully investigate the facts of the case.

Courts have found that summary judgment should not ordinarily be granted before discovery has been completed. Alabama Farm Bureau Mut. Cas. Co., Inc. v. Am. Fid. Life Ins. Co., 606 F.2d 602, 609 (5th Cir. 1979). Rule 56(f) of the Federal Rules of Civil Procedure, as made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure, discusses when a party cannot present by affidavit facts essential to justify the party's opposition to a summary judgment motion. Since no discovery has been conducted, Rule 56(f) applies in this action because TowneBank cannot present facts essential to its argument. Therefore, TowneBank files a Rule 56(f) Affidavit, as **Exhibit "A"**, stating that under Rule

56(f) TowneBank cannot properly oppose the motion for summary judgment without a chance to conduct discovery. Rule 56(f) discovery motions are "broadly favored and should be liberally granted". <u>Culwell v. City of Forth Worth</u>, 468 F.3d 868, 871 (5th Cir. 2006).

<u>**Conclusion**</u>

Summary judgment is proper only if there is no genuine issue as to any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As stated above, there are numerous genuine issues as to material facts that need to be litigated and M&T Bank has not proven that it is entitled to judgment as a matter of law. ACCORDINGLY, TowneBank respectfully requests this Court to deny the M&T Bank's Motion for Summary Judgment.

**TOWNE BANK**

By: <u>/s/ Richard E. Biemiller</u><br>Of Counsel

Richard E. Biemiller, Esq., VSB: 29017
Wolcott Rivers Gates
301 Bendix Road, Suite 500
Virginia Beach, VA 23452
Tel: (757) 497-6633
Fax: (757) 554-0248
***Counsel for TowneBank***

<u>**CERTIFICATE OF MAILING**</u>

I certify that I filed electronically and mailed by first class mail a true copy of the attached Response to Nikolaus F. Schandlbauer and Michael A. Hass, Ober, Kaler, Grimes & Shriver P.C., 1401 H Street, N.W., Suite 500, Washington, D.C. 200050 on the 19th day of April, 2010.

<u>/s/ Richard E. Biemiller</u><br>Richard E. Biemiller

L:\Document Directory\T\TowneBank\Furniture Deposit Dispute (2125084.0003)\Bankruptcy\Response to M&Ts Summary Judgment.docx

VIRGINIA:   IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT

TOWNEBANK

     Plaintiff,

v.                                   Case No.:10-03043-KRH

CHASEN'S BUSINESS INTERIORS, INC.

and

MANUFACTURERS AND TRADERS TRUST COMPANY,

     Defendant.

# **<u>AFFIDAVIT</u>**

COMMONWEALTH OF VIRGINIA
CITY OF VIRGINIA BEACH, to-wit:

     Richard E. Biemiller, being duly sworn, deposes and says:

     1.     I am an attorney representing the Plaintiff, TowneBank, in this matter and make this Affidavit on its behalf as its attorney and agent.

     2.     TowneBank cannot present facts essential to justify its opposition against the Defendant's Motion for Summary Judgment because no discovery has taken place.

     3.     TowneBank cannot properly oppose the motion for summary judgment without a chance to conduct discovery.

                                                                      _____
                                                               Richard E. Biemiller

     Subscribed and sworn to before me this 19th day of April, 2010.

                                                       _____
                                                        Notary Public

My commission expires: 11/30/11
Notary Registration No.:

KIMBERLY ANN DIETZ
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #195151