**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHASEN'S BUSINESS | ) | |
| INTERIORS, INC. | ) | |
| | ) | |
| Debtor. | ) | Case No. 09-36686-KRH |
| | ) | |
| TOWNEBANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-03043-KRH |
| | ) | |
| CHASEN'S BUSINESS | ) | |
| INTERIORS, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MANUFACTURERS AND TRADERS | ) | |
| TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

TowneBank, by counsel, respectfully opposes the Motion to Dismiss (the "Motion") filed by the defendant, Manufacturers and Traders Trust Company ("M&T Bank"). In support thereof, TowneBank states as follows:

**Argument**

This Court should dismiss M&T Bank's Motion because TowneBank has stated a claim upon which relief can be granted.

I. **Jurisdiction and venue are proper in this Court.**

TowneBank is a registered creditor of the Debtor. While TowneBank was the "lead" petitioning creditor filing the involuntary petition initiating this Chapter 7 case, this action does not take away TowneBank's status as a creditor of the Debtor. In fact, in filing the Involuntary Petition, Townebank asserted that it was eligible to file the petition pursuant to 11 U.S. C. § 303(b), based on the fact that TowneBank was a holder of a claim against the Debtor. TowneBank, as a creditor, has a claim against the Debtor and the results of its Complaint for Judgment and for Declatory Relief ("Complaint") will affect the Chapter 7 case. If the Court grants the relief requested by TowneBank, TowneBank's claim against the Debtor will be decreased by the amount it recovers.[1] Thus, this claim is directly related to the bankruptcy proceedings. This Court has subject matter jurisdiction to hear and determine this dispute because the Complaint is "related to" the bankruptcy case pursuant to 28 U.S.C. § 1334(b) because its outcome might affect the claims against the Debtor. TransOhio Savings Bank v. Huntington Nat. Bank (In re Cardinal Industries, Inc.), 126 B.R. 754 (Bankr. S.D. Ohio 1991); 28 U.S.C. § 157. This Chapter 7 case and the Complaint, along with the included debtor and creditors, are in the proper venue and jurisdiction.

Furthermore, the Fourth Circuit has <u>required</u> parties in situations similar to TowneBank here to proceed in Bankruptcy Court. The Court in In re Johnson stated:

> "[T]he only proper forum for determining whether assets held by a debtor are held in constructive trust is the bankruptcy court, and such proceedings must be considered core proceedings. A determination of the proper beneficiaries of that trust is inextricably tied to the finding of a constructive trust… The finding of a constructive trust by the bankruptcy court and a determination of the proper distribution of that trust are intimately tied to the traditional bankruptcy functions and estate, and, therefore, are core matters within the clear jurisdiction of the bankruptcy court."

Canal Corp. v. Finnman (In re Johnson), 960 F.2d 396, 402 (4th Cir. 1992). In re Johnson also stated that "[i]ncluded in the property of the estate under § 541 is any property held by the estate in trust", like

---

[1] The Chapter 7 Trustee has retained counsel to investigate the existence of certain assets of the estate.

2

the alleged earnest money deposits in issue here. Id. Accordingly, this Court is the proper venue and has jurisdiction over the matter.

## II. TowneBank has stated a claim upon which relief can be granted.

TowneBank properly stated the claims that (1) M&T Bank improperly converted TowneBank funds and (2) M&T Bank was unjustly enriched. TowneBank has requested the reasonable relief of a judgment against M&T Bank in the amount of the improperly converted funds and the finding that these funds are impressed with a trust in favor of TowneBank.

### A. TowneBank alleged a valid conversion claim against M&T Bank.

TowneBank alleged the elements of conversion in ¶ 17 by stating that M&T Bank wrongfully exercised authority over TowneBank's funds, depriving TowneBank of those funds, when the funds were "swept up" and used by M&T Bank to partially pay off the Debtor's debt. The facts provided in the Complaint leading up to ¶ 17 provided sufficient information for the allegation of a claim of conversion.

M&T Bank claims that TowneBank did not allege a valid cause of action based on the argument that M&T Bank properly set off the funds because they were in a general account. However, TowneBank alleged in its Complaint that the setoff was not valid based on (1) its statement in ¶ 11 of the Complaint that the M&T Bank account was not a "general account" as M&T Bank claims and (2) its statement in ¶ 13 of the Complaint that M&T Bank took funds that were held in trust for TowneBank with the knowledge of TowneBank's ownership of such funds; thus, it is alleged,the funds were held in a special account and wrongfully taken by M&T Bank. Furthermore, M&T Bank's argument that the Debtor's bank account at M&T Bank is a "general account" is inaccurate. In Nat Warren, the Fourth Circuit states that "an account is a special account and thus exempt from setoff if (1) funds are deposited in the account for a special purpose and (2) the bank has notice of the special purpose of the account".

Here, TowneBank alleged that its funds were deposited for a special purpose and M&T Bank had notice of that special purpose.

TowneBank also alleged in ¶ 12 and ¶ 13 of its Complaint that M&T Bank had knowledge of TowneBank's ownership of the funds, and thus the setoff was improper. M&T Bank stated on Page 4 of its Motion that it was aware that "certain of the Debtor's customers had delivered preauthorized furniture advances to the Debtor, and that the Debtor had subsequently deposited such furniture advances into the Debtor's corporate account(s)". Further, M&T Bank was made aware at the time of transfer that the TowneBank funds were for work to be done by the Debtor on TowneBank's Pavilion Two-3rd floor, as labeled in the Addenda of the funds transfers. M&T Bank was again made aware that the funds were owned by TowneBank and held in trust by the Debtor when the Debtor requested that M&T Bank return the funds to TowneBank, as stated in ¶ 12 of the Complaint.[2] M&T Bank had "knowledge of the third party's interest or had knowledge of sufficient facts to put it on inquiry" as stated by Judge Schneider in NationsBank, N.A. v. Ames Savings & Loan Ass'n (In re First Am. Mortgage Co.), 212 B.R. 479 Bankr. D. Md. 1997), as a way to defeat a secured creditor's right of setoff and cited by M&T Bank on page 11 of the Motion. Therefore, M&T Bank's setoff of the TowneBank funds was not valid and constitutes an illegal taking. TowneBank properly alleged a valid conversion claim against M&T Bank.

**B. TowneBank alleged a valid claim against M&T Bank on the basis of unjust enrichment.**

TowneBank alleged the elements of unjust enrichment in ¶ 18 by stating that M&T Bank was unjustly enriched based on the facts that (1) M&T Bank took funds that were being held in trust for TowneBank, (2) M&T Bank was aware that the funds were held in trust and should be returned, and (3) M&T Bank failed to return the funds to TowneBank, which resulted in an inequitable transaction. The

---

[2] The Debtor stated in its Motion to Dismiss or Abstain the Involuntary Petition, Footnote 3, that once it knew that it would not likely be able to fulfill the TowneBank purchase orders, it requested that M&T Bank return the funds that TowneBank had deposited.

facts provided in the Complaint leading up to ¶ 18 provided sufficient information for the allegation of a claim of unjust enrichment.

M&T Bank discussed in its Motion a legal theory of unjust enrichment based on the assumption that TowneBank is an unsecured creditor, which is still a central issue in the case. TowneBank has alleged that it was the owner of the earnest money deposit. As such, the Debtor had no ability to grant a security interest in funds which did not belong to it. Further, the right of setoff would not even exist because that remedy is only available between two parties owing each other monies; TowneBank owed M&T Bank nothing and so its funds could not be set off or applied to the Debtor's debt. Even if the Court finds TowneBank to be an unsecured creditor after discovery, TowneBank still has a valid claim which was asserted in the Complaint. TowneBank alleged that M&T Bank engaged in wrongful conduct in ¶ 17 of the Complaint which, as M&T Bank acknowledges, is one of the elements that overrides the protection normally accorded to secured creditors.

TowneBank also stated in ¶ 6 that it paid the Debtor and, on information and belief, this payment was done directly from TowneBank to M&T Bank on instruction of the Debtor. Therefore, the Court may find based on TowneBank's allegations that M&T Bank encouraged the transaction by requesting the Debtor to instruct clients to pay the M&T Bank account directly. The Court may also find that M&T Bank's request that the Debtor instruct clients to pay M&T Bank directly was wrongful as to the rights of others based on the fact that M&T Bank was aware of the Debtor's imminent closure. This careless disregard of TowneBank's rights is also wrongful conduct because M&T Bank benefitted when it received funds it otherwise would not have received, and the Debtor's clients, including TowneBank, were harmed. TowneBank alleged a valid unjust enrichment claim against M&T Bank.

## Conclusion

TowneBank stated valid claims upon which relief can be granted. ACCORDINGLY, TowneBank respectfully requests that this Court deny M&T Bank's Motion to Dismiss.

**TOWNE BANK**

By: /s/ Richard E. Biemiller
    Of Counsel

Richard E. Biemiller, Esq., VSB: 29017
Wolcott Rivers Gates
301 Bendix Road, Suite 500
Virginia Beach, VA 23452
Tel: (757) 497-6633
Fax: (757) 554-0248
*Counsel for TowneBank*

## CERTIFICATE OF MAILING

I certify that I filed electronically and mailed by first class mail a true copy of the attached Response to Nikolaus F. Schandlbauer and Michael A. Hass, Ober, Kaler, Grimes & Shriver P.C., 1401 H Street, N.W., Suite 500, Washington, D.C. 200050 on the 19th day of April, 2010.

/s/ Richard E. Biemiller
Richard E. Biemiller

L:\Document Directory\T\TowneBank\Furniture Deposit Dispute (2125084.0003)\Bankruptcy\Response to M&Ts Motion to Dismiss.docx